UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
CAROLYN SCHENK,

                Plaintiff,     :     REPORT & RECOMMENDATION

                      :

       -against-          10 Civ. 6281 (GBD)(MHD)

                      :

VERIZON, MISS BRIERTON, JOHN
and JANE DOE,               :

              Defendants.  :

--------------------------------x

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/10

      Pro se plaintiff Carolyn Schenk commenced this lawsuit against Verizon New York and one identified individual defendant asserting claims arising from the purported suspension of her telephone service. It appears that she is asserting these claims against the telephone carrier based on the contention that it discriminated against her on the basis of disability when it suspended her service for alleged non-payment of her utility bills.  In addition to naming Verizon as a defendant, Ms. Schenk has also sued a Laura Brierton (referred to in the complaint as "Ms. Brierton"). Ms. Brierton is identified as a customer service representative for Verizon and apparently was involved in dealing with Ms. Schenk when she complained about either Verizon's service or her bills.

Ms. Brierton, represented by the same counsel as Verizon, has now moved to dismiss the complaint as against her, contending that she is not a permissible defendant under either Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., or the Rehabilitation Act, 29 U.S.C. § 791 et seq. She further contends that, to the extent that plaintiff may be seeking to assert claims against her under parallel provisions of the state's Executive Law § 296(2)(a) or the New York City Administrative Code § 8-107(4)(a), her complaint is also deficient as a matter of law.

Plaintiff has not directly responded to this motion, although she has submitted papers addressing her own motion for a temporary restraining order, in which she alludes in passing to this dismissal motion. (Pl.'s Emergency Motion for a Temporary Restraining Order, Oct. 19, 2010, at p. 3 ("I received a letter with flat out blatent [sic] lies from an attorney by the name of O'Reilly, asking you to dismiss the complaint against, Miss Brierton.")). In view of her status as a relatively untutored pro se litigant, we read her submission as intended, however obscurely, to oppose this motion.

For the reasons that follow, we recommend that the motion be granted.

2

ANALYSIS

Defendant Brierton seeks dismissal on the face of the complaint. We first summarize the standards applicable to motions to dismiss under Rule 12(b)(6) and then address the adequacy of plaintiff's pleading.


A. Rule 12(b)(6) Standards


We start by noting the standards that the movant must meet in order to obtain dismissal for failure to state a claim. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); accord, e.g., Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006). In assessing such a motion, the court must assume the truth of the well-pled factual allegations of the complaint and must draw all reasonable inferences against the movant. See, e.g., Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006); Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). The pleader may not rely, however, on allegations that are only bare legal conclusions, see Starr v. Sony BMG Music Entm't, 592 F.3d 314, 317

3

n.1 (2d Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009) (addressing Rule 8(a)), or "legal conclusions couched as factual allegations". <u>Id.</u> at 321 (quoting <u>Port Dock & Stone Corp. v. Old Castle Ne., Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007)).

The traditional test on a Rule 12(b)(6) motion required that the complaint not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Leibowitz v. Cornell Univ.</u>, 445 F.3d 586, 590 (2d Cir. 2006) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Supreme Court has recently rejected this formulation, however, and hence a complaint is now subject to dismissal unless its factual allegations, if credited, make the claim "plausible." <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 560-61 (2007). The court thus must look to the well-pled factual allegations and determine whether, if true, those allegations would permit a reasonable inference that the defendant is liable. <u>See</u>, <u>e.g.</u>, <u>Iqbal</u>, 129 S. Ct. at 1949-50. While the Supreme Court's recent decisions do not require a party to plead "detailed factual allegations" to survive a motion to dismiss, <u>Starr</u>, 592 F.3d at 321 (quoting <u>Twombly</u>, 550 U.S. at 555), they do require that "'the plaintiff plead[] factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). In any event, however, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. Iqbal, 129 S. Ct at 1949. In short, the pleading must do more than "tender[] naked assertions devoid of further factual enhancement," id. (internal quotation marks omitted), and in doing so must "'raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). Moreover, this requirement applies to the pleadings of pro se plaintiffs. See, e.g., Carvel v. Cuomo, 357 Fed. Appx. 382, 383-84, 2009 WL 4893669, at *1 (2d Cir. Dec. 21, 2009) (invoking Twombly plausibility standard in considering motion to dismiss pro se plaintiff's complaint); Rahman v. Fisher, 2010 WL 1063835 (S.D.N.Y. Mar. 22, 2010) (same).

When addressing a 12(b)(6) motion, the court may not consider evidence proffered by the moving party or its opponent. Rather, the court is limited to reviewing the four corners of the complaint, any documents attached to that pleading or incorporated in it by reference, any documents that are "integral" to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice. See, e.g., ATSI

5

Commc'ns, Inc., 493 F.3d at 98; Roth v. Jennings, 489 F.3d 499, 509
(2d Cir. 2007); Leonard F. v. Israel Disc. Bank, 199 F.3d 99, 107
(2d Cir. 1999).


   B. Assessment of the Motion


   Plaintiff alleges in very general terms that "the above titled
defendants "stopped service that was already paid for to a disabled
person" and "one particular employee [] has excessively charged the
plaintiff, repeatedly, even after, countless other representatives
have tried to fix the matter, she [sic.] has deliberately blocked
services and the disabled plaintiff at present does not have any
dial tone . . . ." (Compl. ¶ 2).[1] She goes on to say that "[t]he
same representative has threatened that if the disabled plaintiff
did not pay the charges, knowing at all times they were incorrect
and excessive, [sic.] forced the plaintiff to pay it or the phone
would be shut off." (Compl. ¶ 3). Finally, she says that "the phone
has been shut off . . . even after more than the bill was paid . .
. plaintiff [] was told on many different occasions that Miss
Brierton [] has done this and that it has been corrected, only to
have her do the same thing again the following month." (Compl. ¶

---

   [1] We infer that the employee referred to is Ms. Brierton.

6

4).

Defendants' motion represents that Ms. Brierton is a customer service representative in the customer financial services division of Verizon (Defs.' Mem. of Law at 6), a representation consistent with the more general allegations of the complaint concerning plaintiff's interactions with her. Based on that fact, defendants assert that Ms. Brierton is not a proper defendant on a claim asserted under either Title III of the ADA or the Rehabilitation Act. As for plaintiff's claims under State and City law, defendants contend that they fail as a matter of pleading because plaintiff does not allege that any adverse action taken against her -- that is, presumably, the suspension of her service -- was undertaken because of her disability.

We address these arguments separately.

A. The ADA and Rehabilitation Act Claims

Title III of the ADA prohibits discrimination in public accommodations on the basis of a disability. See, e.g., Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128 (2005). Thus it provides that

> [n]o individual shall be discriminated against on the basis
> of disability in the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, or
> accommodations of any place of public accommodation by any
> person who owns, leases (or leases to), or operates a place
> of public accommodation.

42 U.S.C. § 12182(a). As this language indicates, an aggrieved person is limited to suing a "person who owns, leases . . . or operates a place of public accommodation." Id.

The courts have generally (although not universally) acknowledged that, in appropriate circumstances, an individual may be found to own or operate a place of public accommodation and may thus be individually liable under Title III of the ADA. See, e.g., Coddington v. Adelphi University, 45 F.Supp.2d 211, 215-16 (E.D.N.Y. 1999); Guckenberger v. Boston Univ., 957 F.Supp. 306, 321-23 (D. Mass. 1997); Sharrow v. Bailey, 910 F.Supp. 187, 192 (M.D. Pa. 1995); but see Goonewardena v. New York, 475 F.Supp.2d 310, 321-22 (S.D.N.Y. 2007). This requires a further factual finding, however, that the individual sued either owns the place of public accommodation or exercises such control over it that he may fairly be said to "operate" it. See, e.g., Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1066-67 (5th Cir. 1995); Guckenberger, 957 F.Supp. at 322-23 (quoting Howe v. Hull, 847 F.Supp. 779, 788 (N.D. Ohio 1994)). Moreover, when the public accommodation is owned

8

and run by an institution, the courts have consistently held that an individual employee of the institution is not a proper defendant even if that individual had broad authority to manage the affairs of the institution, and, by extension, the affairs of the place of public accommodation. See, e.g., Emerson v. Thiel College, 296 F.3d 184, 188-89 & n.3 (3d Cir. 2002); Harnett v. Fielding Graduate Inst., 400 F. Supp.2d 570, 575 (S.D.N.Y. 2005), aff'd on other gds., 198 Fed. Appx. 89 (2d Cir. 2006); see also Spychalsky v. Sullivan, 2003 WL 22071602, at *6 n.6 (E.D.N.Y. Aug. 29, 2003).[2]

The complaint does not allege that Ms. Brierton exerted such control over Verizon that she could be said to have "operate[d]" it, within the meaning of the statute. Indeed, plaintiff could not plausibly so allege, and hence her claim under the ADA is not legally salvageable.

Finally, insofar as plaintiff asserts a claim under the Rehabilitation Act, the same result must follow. When an institution operates a place of public accommodation, individual employees of that institution may not be held liable under the

---

[2] This distinction appears to be well justified in view of the fact that relief for Title III violations is limited to equitable remedies. 42 U.S.C. § 12188(a); Powell v. National Board of Med. Examiners, 364 F.3d 79, 86 (2d Cir. 2004).

Rehabilitation Act for discrimination on the basis of a disability. See, e.g., Harnett, 400 F. Supp.2d at 575; Coddington, 45 F. Supp.2d at 217.

## B. The State- and City-Law Claims

Defendants seek dismissal of plaintiffs' State and City claims against Ms. Brierton because Ms. Schenk fails to allege that the suspension of her telephone service was attributable to hostility to her based on her disability. We agree.[3]

---

[3] We note that this argument could be asserted as well on behalf of defendant Verizon, but defendants have chosen not to do so. We also note that defendants suggest in a footnote that this argument applies to the federal claims as well as the New York claims. (Defs.' Memo of Law at p. 8 n.4). Defendants' suggestion is correct. See, e.g., Rodal v. Anesthesia group of Onondaga, 368 F.3d 113, 117 n.1 (2d Cir. 2004) ("New York State disability discrimination claims are governed by the same legal standards as federal ADA claims."); Doe v. Deer Mountain Day Camp, Inc., 682 F.Supp.2d 324, 351 (S.D.N.Y. 2010) ("The elements of a prima facie case for ADA claims are also applicable in claims under the NYHRL."); Romanello v. Shiseido Cosmetics, Am., 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002) ("[T]he same standards used to evaluate claims under the ADA also apply to cases involving the NYHRL and NYCHRL."); see also Doe, 682 F.Supp.2d at, 340 (including, as an element of a prima facie case under the ADA, a finding that "[d]efendants discriminated against [plaintiff], on the basis of his disability[.]"). We do not, however, recommend dismissal on this basis, since a passing reference in a footnote is not a proper means of asserting a defense. See, e.g., United States v. Restrepo, 986 F.2d 1462, 1463 (2d Cir. 1993); Luciano v. Olsten Corp., 912 F.Supp. 663, 668 (E.D.N.Y. 1996), aff'd, 110 F.3d 210 (2d Cir. 1997).

The pertinent provision of the New York Executive Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived . . . disability . . . of any person, directly or indirectly , to refuse, withhold or deny to such person any pf the accommodations, advantages, facilities or privileges thereof.

N.Y. Exec. Law § 296(2)(a). The New York City Human Rights Law contains a parallel provision:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived . . . disability, of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.

N.Y.C. Admin. Code § 8-107(4)(a).


Although these provisions allow suit against an employee or agent, and thus potentially allow suit against Ms. Brierton as a Verizon representative, they mandate protection only against adverse actions taken "because of" the plaintiff's disability or perceived disability. See 119-121 East 97th Street Corp. v. New York City Comm'n on Human Rights, 220 A.D. 2d 79, 82, 642 N.Y.S. 2d

11

638, 640 (1st Dept. 1996) (discussing application of New York City
Human Rights Law); Cahill v. Rosa, 220 A.D. 2d 585, 586, 632 N.Y.S.
2d 614, 615 (2d Dept. 1995), rev'd on other gds., 89 N.Y. 2d 14,
651 N.Y.S. 2d 344 (1996) (discussing application of New York
Executive Law). The complaint, however, is completely silent on
this essential element, as plaintiff contents herself with alleging
that she is in fact disabled and that defendants suspended her
telephone service. There is no allegation that would plausibly lead
to the inference that her service was suspended because of her
disability. Necessarily, then, plaintiff's claims against Ms.
Brierton based on these statutory provisions are legally deficient
and should be dismissed.


        C. The Nature of the Dismissal


        As a general matter, when the court dismisses a complaint for
failure to plead a cognizable claim, it will do so in the first
instance without prejudice to re-pleading -- particularly in the
case of an untutored pro se plaintiff -- unless it is unmistakably
clear that the plaintiff will be unable to satisfy the pleading
requirements under any conceivable array of circumstances. See,
e.g., Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing
Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)); Gomez v. USAA

12

Federal Savings Bank, 171 F.3d 794, 795-96 (2d Cir. 1999); see also Schenk v. Citibank, 2010 WL 2681021, at *2 (E.D.N.Y. July 1, 2010) (dismissing ADA claims without prejudice). This caution follows from the well-settled policy encouraging resolution of cases on their merits, where possible, rather than on technical or procedural grounds. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (quoting Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)).

In this case we recommend that plaintiff's federal claims against Ms. Brierton be dismissed with prejudice since she is plainly not a proper party defendant under the ADA or the Rehabilitation Act. In contrast, since Ms. Brierton is potentially a proper party defendant under New York law, we recommend dismissal without prejudice to re-pleading of plaintiff's New York law claims, since it is at least conceivable that plaintiff may plead facts that would plausibly suggest that the suspension of her telephone service was attributable to animus based on her disability.

CONCLUSION

For the reasons stated, we recommend that defendant Brierton's

13

motion to dismiss be granted, that the ADA and Rehabilitation Act claims be dismissed with prejudice as against her and that the New York State and City claims be dismissed as against her, but with leave to re-plead those claims within thirty days after dismissal if plaintiff can in good faith allege facts suggesting that the actions taken against her were attributable to her disability.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 630, 500 Pearl Street, New York, New York 10007-1312 and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

DATED: New York, New York
       December 8, 2010

14

Respectfully submitted,

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed
today to:

Carolyn Schenk
142 Crowell Avenue
Staten Island, NY 10314

Daniel Seth Weinberger
Michael S. O'Reilly
Gibbons P.C. (NY)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119

15