UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CAROLYN SCHENK,

                Plaintiff,

         -v-

VERIZON, MISS BRIERTON, JOHN and JANE DOE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:    3/17/11           │
└─────────────────────────────────┘
```

MEMORANDUM DECISION
AND ORDER
10 Civ. 6281 (GBD)(MHD)

GEORGE B. DANIELS, District Judge:

*Pro se* Plaintiff Carol Schenk filed this lawsuit under Title III of the Americans

With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title II of the Rehabilitation

Act 29 U.S.C. § 791, et seq., New York State Executive Law § 296(2)(a), and the New

York City Administrative Code § 8-107(4)(a). Plaintiff alleges she is disabled and that

corporate defendant Verizon New York ("Verizon"), and individual defendant Laura

Brierton, a Verizon customer service representative handling Plaintiff's matter,

discriminated against her by repeatedly suspending Plaintiff's telephone service when she

allegedly failed to pay her telephone bill. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant

Brierton moved to dismiss all the claims against her.

This Court referred the matter to Magistrate Judge Michael H. Dolinger for a

Report and Recommendation. Magistrate Judge Dolinger issued a Report and Report and

Recommendation ("Report"), recommending this Court grant Defendant Brierton's

motion in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are

1

objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal citation omitted).

In the Report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Plaintiff submitted untimely objections. Nevertheless, Plaintiff fails to articulate a meritorious objection. This Court adopts the Report's recommendation to dismiss Plaintiff's claim against Defendant Brierton, the customer service representative.

The ADA and Rehabilitation Act Claims

Magistrate Judge Dolinger properly concluded that Defendant Brierton cannot be held liable, pursuant to Title III of the Americans With Disabilities Act. The ADA prohibits discrimination by "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.§ 12182(a); see, e.g., Pallozzi v. Allstate Life

2

Ins. Co., 198 F.3d 28, 31 (2d Cir. 1999).  Nowhere in the Complaint does Schenk allege

that Brierton "owns" or "leases" Verizon.  Nor could Schenk properly allege that Brierton

"operates" Verizon. See Coddington v. Adelphi Univ., 45 F. Supp. 2d 211, 217

(E.D.N.Y. 1999) (finding that to "operate" a place of public accommodation an

individual must be "responsible for making decisions regarding disabled [persons]).

Schenk does not and cannot not assert, that Brierton, a customer service representative,

exerted any influence over Verizon's accommodation policies. Magistrate Judge Dolinger

properly determines that Plaintiff's Rehabilitation claim against Brierton fails for similar

reasons. See id. Therefore, Plaintiff's ADA and Rehabilitation claim against Defendant

Brierton is dismissed.

## New York State and City Law Claims

Magistrate Judge Dolinger also correctly recommended that Plaintiff's state and

city law claims be dismissed against Defendant Brierton.  Both New York State

Executive Law Section 296(2)(a) and New York City Administrative Code § 8-107(4)(a)

hold that "[i]t shall be an unlawful discriminatory practice for any…agent or employee of

any place or provider of public accommodation, *because of the actual or*

*perceived…disability… of any person*, directly or indirectly, to refuse . . . to such person

any of the accommodations, advantages, facilities or privileges thereof." (Emphasis

added).  Unlike federal law, state and city law allow claims for discrimination against an

individual employee.  However, the plaintiff must allege that she was denied

"accommodation advantages" because of her disability. See 119-121 East 97th Street

Corp. v. New York City Comm'n on Human Rights, 220 A.D. 2d 79, 82 (1st Dept. 1996);

Cahill v. Rosa, 220 A.D. 2d 585, 586 (2d Dept. 1995), rev'd on other gds., 89 N.Y. 2d 14,

651 N. Y. S. 2d 344 (1996). Here, Plaintiff makes no such factual allegation against

Defendant Brierton. Plaintiff does not allege any facts that suggest her service was

discontinued by Verizon for any other reason than failing to pay her bill. Plaintiff does

not allege facts indicating that Ms. Brierton shut off Plaintiff's phone service because of

her disability. In fact, there is no factual allegation from which to conclude that

Defendant Brierton was personally responsible for the decision to terminate Plaintiff's

telephone service.

### CONCLUSION

Defendant Laura Brierton's motion to dismiss all claims against her is

GRANTED.

Dated:  March 17, 2011
        New York, New York

SO ORDERED

GEORGE B. DANIELS
United State District Judge

4